**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MOHAMED ABDELAZIZ,

                Plaintiff,                   **MEMORANDUM**
                                                 **AND ORDER**

    - against -

                                                CV 07-4895 (NG) (JO)

AE OUTFITTERS RETAIL CO.,

                Defendant.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Mohamed Abdelaziz ("Abdelaziz") filed this personal injury action against defendant AE Outfitters Retail Co. ("American Eagle") in the Supreme Court of the State of New York, County of Queens, on October 9, 2007. *See* Docket Entry ("DE") 1 (including, among other documents, American Eagle's Notice of Removal ("Notice") and Abdelaziz's Complaint ("Complaint")). On November 27, 2007, American Eagle filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that American Eagle has not satisfied its burden of establishing that this court has original jurisdiction. Specifically, American Eagle has failed to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254 (E.D.N.Y. 2007).

      A.      <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must "prov[e] that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

B.    The Effects Of New York's Procedural Law On Removal To Federal Court

Abdelaziz's complaint does not specify the amount of damages sought, and for good reason. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, the Complaint contains only a perfunctory statement of the source of injury – specifically, that Abdelaziz was injured when a bench on which he sat in American Eagle's store collapsed, Complaint ¶ 9 – and is devoid of any detail as to the extent of his injuries. The only allegation that even begins to describe Abdelaziz's injuries uses boilerplate language: "... this plaintiff was rendered sick, sore, lame and disabled and his injuries upon information and belief are permanent and lasting in nature." *Id*. ¶ 10. Although it is possible to infer from this allegation that Abdelaziz may seek a substantial recovery if American Eagle's liability is established, I cannot conclude that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco v. MGM Transport, Inc.*, 2006 WL 463504, at *1 (E.D.N.Y. Feb. 24, 2006) (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001))).

The Notice does provide an additional allegation about the amount in controversy: specifically, it recites that American Eagle's counsel has spoken to Abdelaziz's counsel and, apparently as a result of that conversation, "believe[s] that the damages that will be claimed in this action exceed $75,000." *Id.* ¶ 5. There is no information about what Abdelaziz's counsel said to warrant such a conclusion. Moreover, as described below, American Eagle's counsel plainly had the ability under New York law to obtain a reliable measure of the amount in

3

controversy before seeking to remove the case to this court. Accordingly, notwithstanding counsel's stated belief that his adversary will ultimately seek an amount in damages that exceeds $75,000, I conclude that the pleadings now before the court do not satisfy American Eagle's burden to establish the existence of federal jurisdiction. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

American Eagle is not without recourse. The same state law provision that prohibited Abdelaziz from including an allegation in his complaint that might support a sufficient notice of removal also provides a procedural mechanism by which American Eagle can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see Bellocchio*, 499 F. Supp. 2d at 256. American Eagle was free to take advantage of that provision before seeking to remove the case, and it will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[1]

Nor is American Eagle prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice

---

[1] While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure. Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel. *See* Fed. R. Civ. P. 26(d), (f). Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to a defendant in state court pursuant to N.Y. C.P.L.R. § 3017(c) would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

        C.        Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command; it also makes sense. Requiring American Eagle to seek supplemental information under state law before attempting to remove the case places no meaningful burden on it that it will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, American Eagle will need to find out the extent of the damages that Abdelaziz claims to have sustained – and it will need to obtain a measure of such alleged damages more precise than the belief its counsel now has after receiving unspecified information during a telephone call with opposing counsel. I decide no more than that American Eagle must

5

seek out that information before coming to this court, not after. If American Eagle learns that Abdelaziz actually does seek damages in excess of $75,000, it may seek to reopen the case in this court and Abdelaziz will have to bear the burdens associated with the removal. On the other hand, if it turns out that Abdelaziz does not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it. *Bellocchio*, 499 F. Supp. 2d at 257.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendant to lodge any objections it may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the

removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See*, *e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006).

American Eagle will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for American Eagle to file any objections it may have. Under the pertinent rules, a stay until December 13, 2007, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time). Should American Eagle actually pursue such relief, it may of course apply to me or to the district judge for a further stay pending resolution of its objections.[2]

### D. Conclusion

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Queens County. In order to afford American Eagle sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until December 13, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
      November 29, 2007

                                              /s/ James Orenstein
                                              JAMES ORENSTEIN
                                              U.S. Magistrate Judge

---

[2] In addition, if American Eagle can establish that the jurisdictional requirements are satisfied before the stay elapses, either by virtue of information provided by Abdelaziz or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.